John SELVAGE, # 22888–175, Petitioner,

v.

Irl DAY (Warden), Respondent.

No. CIV–76–0846–D.

United States District Court,
W. D. Oklahoma.

Jan. 4, 1977.

John Selvage pro se.

David L. Russell, U. S. Atty., by William S. Price, Asst. U. S. Atty., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for writ of habeas corpus by the above-named petitioner who is confined in the custody of the respondent at the Federal Correctional Institution, El Reno, Oklahoma, in which he challenges the computation of his release date under the federal sentences which he has received. The respondent has filed a Motion to Dismiss in which he contends the petitioner's sentences have properly been computed and in support thereof has attached the Sentence Computation Record for the petitioner prepared by the Bureau of Prisons.

There appears to be no dispute concerning the basic facts. On March 27, 1972 the petitioner was sentenced by the United States District Court for the Eastern District of Louisiana to an indeterminate sentence under 18 U.S.C. § 5010(b) for violation of the Federal Controlled Substance Act. After giving the petitioner credit for jail time it was computed that the maximum possible term for the petitioner would expire February 6, 1978. While on parole the petitioner was arrested on January 22, 1976, on a charge of conspiracy to commit bank robbery in the United States District Court for the Eastern District of Louisiana. He remained in jail until sentenced on Feb-

ruary 19, 1976, at which time he received a regular adult sentence of four years. On April 7, 1976 the sentencing judge amended the sentence to provide:

"This sentence imposed is to run concurrently with any sentence outstanding."

A Parole Violator's Warrant on the Y.C.A. sentence was executed on May 24, 1976.

The Sentence Computation Record reflects that the petitioner's expiration date for the Y.C.A. sentence remained February 6, 1978. After receiving a total of 28 days credit for jail time the full term expiration date for the adult sentence is computed as January 21, 1980.

It is obvious that the petitioner is being given credit for concurrent service of his sentences and there is no error in petitioner's Sentence Computation Record. The petitioner's complaint that his adult sentence is not being treated as concurrent with his Y.C.A. sentence contrary to the amended order of his sentencing judge apparently arises from his misunderstanding of the meaning of the judge's order that it be served concurrently. His apparent interpretation is that the commencement of the adult sentence would relate back to the commencement of the Y.C.A. sentence so that it would have no effect upon his initial expiration date. This is not a possible interpretation. Section 3568 of Title 18, United States Code provides that a federal sentence begins to run on the date when the person is received at the institution for the service of his sentence or when he is committed to a jail to await transportation to the place at which his sentence is to be served and that the Attorney General shall credit towards service of the sentence any days spent in custody in connection with the offense or acts for which sentence was imposed. Under the Statute the petitioner's adult sentence could not commence prior to his sentencing date of February 19, 1976 when he was remanded to the custody of the Marshal to await transportation to an institution for the service of the sentence. He has been given credit for the jail time to which he was entitled. The petitioner is

828

being given double credit on all time served from the commencement of his adult sentence. Under the law he is entitled to no more.

Accordingly the Motion to Dismiss must be sustained and the Petition for Writ of Habeas Corpus will be dismissed.

IT IS SO ORDERED.